## UNITED STATES v. CORDELE MFG. CO. et al.

### No. 87.

District Court, M. D. Georgia, Americus Division.

March 30, 1935.

T. Hoyt Davis, U. S. Atty., of Macon, Ga., and J. T. Grigsby and Fred M. Ivey, both of Atlanta, Ga., Attys. for Litigation Division NRA., for the United States.

W. H. Dorris, of Cordele, Ga., and Orville A. Park, of Macon, Ga., for defendants.

DEAVER, District Judge.

This cause came on to be heard, and upon consideration of the bill of complaint and of the answer thereto, and of the evidence submitted, and after argument of counsel, it is, upon consideration, ordered, adjudged, and decreed as follows:

### Findings of Fact.

1. This suit is brought by the United States of America by T. Hoyt Davis, United States Attorney for the Middle District of Georgia, under the general equity jurisdiction of the court and under the provisions of title 1 of the National Industrial Recovery Act (15 USCA § 701 et seq.).

2. The defendant Cordele Manufacturing Company is a corporation organized and existing under the laws of the state of Georgia, and having its principal place of business in the city of Cordele, Crisp county, Ga., in the Americus Division of the Middle District. The individual defendants are the officers of the defendant corporation, and reside in the Americus Division of the Middle District of Georgia.

3. The defendant corporation is engaged in the cotton garment industry, that is to say, in the production of men's and boys' cotton pants.

4. The defendant is engaged in interstate commerce, a large portion of the product of its factory being sold to dealers and others in states other than the state of Georgia, and is in competition with other manufacturers shipping similar products in interstate commerce, both within and without the state of Georgia.

5. On November 17, 1933, the President approved a code of fair competition for the cotton garment industry, pursuant to and in accordance with subsection (a) of section 3 of title 1 of the National Industrial Recovery Act (15 USCA § 703 (a).

6. Under the terms of said code, no employee is to be paid at less than the rate of 30 cents per hour per 40-hour work week when employed in those states included in the Southern section of the industry, the state of Georgia being one of such states.

7. Under the Code of Fair Competition for the cotton garment industry, no method is prescribed for the keeping of the time of employees, nor for determining the hours of their employment; nor is there any requirement that the time shall be kept.

8. The said code recognizes the piece work method of compensation, and the payment of employees on the basis of piece rates.

9. The practice of paying employees on a piece rate basis generally obtains in the cotton garment industry and has so prevailed for a long time, both before and since the adoption of the code.

10. The code prescribes no method for determining whether or not the rates paid for piece work will yield to the employee the minimum wage of 30 cents per hour for a 40-hour week prescribed by the code.

11. There being no method fixed for determining whether the piece rates established by a manufacturer in the cotton garment industry will yield to the employee wages of not less than the minimum prescribed by the code, each manufacturer is authorized to adopt any reasonable system for the payment of employees on a piece rate basis which will enable all employees to earn at least the minimum wage prescribed.

12. The Cordele Manufacturing Company pays its employees on the piece rate basis, and has operated on this basis since it was organized and began business.

13. When the present management of the Cordele Manufacturing Company took charge, it undertook to test the time required for the several operations in the manufacture of the garments produced by it, with a view to determining the rate necessary to be paid in order that all employees should be able to earn not less than the minimum wage fixed by the code.

14. As a result of these tests, the Cordele Manufacturing Company established rates of pay under which its employees engaged in the several operations could each, in the honest opinion of the employer, earn not less than 30 cents per hour for a 40-hour work week.

15. Additional tests have been made from week to week and from time to time, the work actually performed by the different employees being checked, and whenever it was found that it was difficult for the employees to earn the minimum wage prescribed by the code, increases have been made in the piece rate for the particular operation concerned.

16. It has not been shown that these tests and the several rates for the various operations established by the defendant were not made and established in good faith and with a view to providing a system of pay under which each employee of the company could earn at least the minimum wage prescribed by the code.

### Conclusions of Law.

I conclude that as a matter of law the defendant could, under the code of fair competition for the cotton garment industry, adopt the piece rate system for the payment of its employees, and that the rates adopted by it for the payment of employees for various operations in the manufacture of its products, not being shown to have been adopted in bad faith or with a view to avoiding the provisions of the code, and which are adjusted whenever it is ascertained that any employee does not earn the minimum wages fixed by the code, are legal rates, and that the payment of employees on the basis of these rates does not constitute a violation of the code of fair competition.

Whereupon, it is considered, ordered, and decreed by the court that the injunction prayed for be and hereby is denied.

Exception noted and allowed.